## Musser v. Wurlitzer Music Stores, Inc.

*William T. Hangley,* for plaintiffs.
*Carole H. Schoenbach,* for defendant.

TAKIFF, *J.,* January 18, 1978—This is a motion to strike plaintiffs' objections to interrogatories in the above-captioned matter.

Plaintiffs filed their action May 16, 1977, seeking rescission of a contract with defendant for the sale of a Steinway upright piano due to claimed breaches of express and implied warranties.

The instant motion to strike is responsive to plaintiffs' original objections to defendant's first set of interrogatories. These objections contended that interrogatories 1, 2, 11, 12, 15, 16 and 21 require unreasonable investigation and are unreasonably annoying, embarrassing, expensive or oppressive, and that interrogatories 3-8 are irrelevant and not of substantial aid in the preparation of the case. Interrogatories 22-31 were objected to on both reasonableness and relevancy grounds. Upon consideration of the motion, answer and memoranda, we conclude that interrogatories 1, 2, 11, 12, 15, 16 and 21 are not unreasonable and, therefore, must be answered by plaintiff, and that interrogatories 3-8 and 22-31 are irrelevant, and, hence, the objection thereto is sustained.

Plaintiffs' objections to interrogatories 1, 2, 11, 12, 15, 16 and 21 are based upon their being so

overly broad and vague in scope as to be excessively burdensome and unreasonable.

However, specific objections were made only to interrogatories 1, 2, 15 and 16. Interrogatories 1 and 2 ask:

1. Describe each and every communication had between plaintiffs, or either of them, and any agent, employe or representative of Wurlitzer on or prior to September 9, 1976, with regard to purchase of a piano, and state whether you will provide copies of any writings or documents constituting, or received or distributed in the course of, such communications.

2. Identify any person or persons other than persons identified in answer to interrogatory no. 1, with whom plaintiffs communicated on or prior to September 9, 1976, with regard to the purchase of a piano, and describe any such communications. State whether you will provide copies of any writings or documents constituting, or received or distributed in the course of, such communications.

Plaintiffs contend the answers to these questions would be impossible to compile, thereby rendering them unreasonable. We disagree. These questions are not unduly burdensome, despite the lack of a time limitation, because they concern activities which ordinarily are readily recalled. Unlike, for example, grocery shopping, visiting a retail piano establishment for the purpose of making a major investment in a musical instrument is not an event which is done so often and is such a commonplace event that the recollection of such visits is inordinately difficult. Writings and documents in connection therewith, if received and retained, would not likely be so numerous as to be burdensome if production thereof will be made voluntarily.

Interrogatories 15 and 16 are objected to on the ground that the word "inspection" is not defined therein, leaving room for an interpretation wide enough to include every minute impression they received of the piano's condition. Interrogatories 15 and 16 ask:

"15. Describe each inspection made of the piano by plaintiffs or by any person or persons other than plaintiffs on any date between September 17, 1976 and December 1, 1976.

"16. Describe any alleged flaws or non-conformities found by any such person in the piano upon each inspection described in answer to interrogatory no. 15."

Again, we do not believe that these constitute unreasonable inquiries. "Inspect" is a word of common definition, meaning to "view closely in critical appraisal." Webster's Seventh New Collegiate Dictionary (1967). Under this definition, it is obvious that every minor glance would not need to be reported in the answers to these questions. It is reasonable and relevant that defendant be informed what flaws or nonconformities were discovered by plaintiffs, and this constitutes the core of the claims made in this lawsuit. In view of the foregoing, we do not find interrogatories 1, 2, 11, 12, 15, 16 and 21 to be unreasonable under Pa. R.C.P. 4011 and, therefore, grant defendant's motion to strike plaintiffs' objections to these interrogatories.

Plaintiffs further assert that interrogatories 3-8 and 22-31 are not relevant to the subject matter of this lawsuit and "will not substantially aid in the

preparation of the pleadings or the preparation for trial." We agree that these interrogatories do not meet the relevancy test of Pa. R.C.P. 4007(a).

Interrogatory 3 asks plaintiffs' reasons for purchasing specific varieties of pianos. Defendant asserts that this is relevant to the circumstances which led plaintiffs to attempt to avoid the sale. However, we fail to see of what relevance plaintiffs' purposes are in an action based upon a purported breach of warranty, which is an objective matter as to which motivation is immaterial.

Interrogatories 4-6 and 22-31 likewise seek to explore plaintiffs' motives in seeking to avoid the purchase of the Steinway, and, therefore, they also should be stricken as irrelevant to the basic breach of warranty issues presented in this cause of action.

Wherefore, we enter the following

## ORDER

And now, January 18, 1978, upon consideration of defendant's motion to strike plaintiffs' objections to interrogatories, it is hereby ordered and decreed that said motion is granted and the objections stricken as to interrogatories 1, 2, 11, 12, 15, 16 and 21, and it is further ordered and decreed that plaintiffs file answers to said interrogatories within 20 days of this order.

And it is further ordered and decreed that said motion is denied and plaintiffs' objections sustained as to interrogatories 3, 4, 5, 6, 7, 8, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31.